Per Curiam.

1. The.words in the policy, that ike loss was to be paid in thirty days after proof thereof, are not understood to mean proof in a strictly legal and technical sense, but as applying only to reasonable information of the fact of the loss.' It is sufficient, therefore, to exhibit, to the insurer the usual documentary evidence, and so it was decided by this Court, in the case of Lenox v. the United Insurance Company, (October Term, 1802.) That was the case of an insurance upon goods, and the policy contained such a clause as the above, and the insured exhibited to the underwriters a customary protest, showing his loss, and a bill of lading and invoice, showing-his interest, and this was held to be sufficient. The question in that case did not arise, whether the protest, as evidence of loss, would have been sufficient without the other documents as evidence of interest. Proof of loss of goods may, perhaps, in certain cases, imply an accompanying proof of interest, as requisite to ascertain the identity of the goods lost, but it is very clear that no such necessity exists in the present case, and .we are not for extending the words in the policy beyond their natural and obvious meaning. Proof of loss of a. vessel does not imply proof also of the owner’s title. It would be violence to push the construction of those words‘to that extent. .
The case of Abel v. Potts, (3 Esp. Cases, 242.) is some-thing analogous to the one before us. That was an insurance on goods, and by a memorandum in the policy, the loss was to be adjusted within three months after advice of the capture of the ship. The ship was captured, and it was ruled, that the entry of the capture in Lloyd’s Books, with presumptive evidence that the insurer must have seen it, was sufficient proof of the advice, and that the communication of the loss need not come from the assured. This case shows that the clause in question js to receive a reasonable and liberal construction as it respects the assured.
*137 2. There is no weight in the second objection. The insurance was to Martinique ‘, no. particular part of the island or port was specified, and the owner was left to his own discretion in choosing his port. The instrue-^ons uPon this point to the captain, as to the most eligible of reaching in safety the port of Sac Marien, appear to be reasonable, prudent, and not unusually precise. The objection is hypercritical ; the case of Middlewood v. Blakes, which has been cited does not apply There were three different routes from London to Jamaica, and the captain in that case was limited to one of them, and not left to his discretion in selecting either, according to circumstances, arid the loss happened after hfe came to the dividing point between the several tracts, and had taken the one prescribed. Lawrence, J. in that case admitted, that if the ship had been lost before she took the n orthern course, the assured would have been entitled to recover.
3. Nor is there any colour for the third objection; the proof is clear and decisive, that the brig did sail on the voyage insured, and the insertion of St. Lucie in the protest of the captain and mate, is sufficiently explained by their subsequent depositions ; but,
4. On the question of seaworthines, the verdict is against evidence, and ought to be set aside, for. the reasons given by Mr. Justice Spencer, in the case of Talcott v. The Commercial Insurance Company, which was a policy on the same vessel and voyage.
New trial granted.